UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Leah Ibale, | Case No. 2:26-cv-01531-CDS-MDC |
| Petitioner | **Order Denying the Petitioner's Emergency Motion, Striking Emergency Designation, Denying Petition for Writ of Mandamus, and Closing Case** |
| v. | |
| United States of America, | [ECF Nos. 1, 4] |
| Respondent | |

Pro se plaintiff Leah Ibale brings this petition for writ of mandamus. *See* Pet., ECF No. 1. Ibale's son was tragically killed in a car accident in 2025. *See id.* Ibale seeks an order directing the federal government to arrest the person seemingly responsible for the car accident that killed her son, to have the FBI arrest any co-conspirators to that alleged murder, and to have the United States Marshals protect unidentified persons. *Id.* Two days after filing the petition, Ibale filed a sealed emergency motion for relief pursuant to 18 U.S.C. § 3771. For the reasons explained below, I unseal and deny Ibale's emergency motion,[1] deny her petition for writ of mandamus for lack of subject matter jurisdiction, and close this case.

I.      Legal standard

        A.  Federal jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And federal court jurisdiction is limited to "cases" or "controversies" under Article III of the U.S. Constitution. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). Because of that limited jurisdiction, federal courts are presumed to lack subject matter jurisdiction over a case, and the burden of showing otherwise

---

[1] I also strike the motion's "emergency" designation.

rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Broadly speaking, a federal district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (known as "federal-question" jurisdiction), or (2) where the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is different from that of each defendant (known as "diversity" jurisdiction). *See* 28 U.S.C. § 1331 (federal question jurisdiction); *id.* at § 1332 (diversity jurisdiction). If a district court determines it lacks jurisdiction to hear it, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Further, the fact that a federal statute is alleged to have been violated does not automatically give rise to a private right of action. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). In determining whether a private right of action exists, the court is to determine whether Congress intended to create a private right of action, *id.*, and unless a specific statute provides for a private right of action, courts have found that violations of Title 18 are properly brought by the federal government through criminal proceedings and not by individuals in a civil action. *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 79 (D.D.C. 2009); *see also Prunte v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007).

**B.  Writs of mandamus**

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the Supreme Court has held that the use of a writ of mandamus is a "drastic" remedy that is only to be invoked in "extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Traditionally, a writ of mandamus has been "used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967) (quotations omitted). Mandamus is only available when (1) the petitioner's claim is clear and certain, (2) the duty is ministerial and so plainly prescribed as

to be free from doubt, and (3) no other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Thus, while courts have "never confined themselves to an arbitrary and technical definition of jurisdiction, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will*, 389 U.S. at 95 (listing situations when the writ has been invoked).

**II.      Discussion**

**A.  The petition for writ of mandamus is denied for lack of jurisdiction.**

Ibale asks this court for an order directing the federal government to arrest the person seemingly responsible for the car accident that killed her son, which she believes to be a murder, the FBI to arrest any co-conspirators to that alleged murder, and the U.S. Marshals to protect unidentified persons. But the court lacks jurisdiction to grant the relief Ibale seeks because it is outside the scope of a federal court's authority to order agencies within the executive branch to commence criminal investigations. *See Miller v. Kernan*, 2019 WL 2613519, at *5 (E.D. Cal. Jun. 26, 2019) ("Plaintiff's request for the court to order the FBI to investigate is also inappropriate since the court does not direct FBI investigations."); *See, e.g., Ardalan v. McHugh*, 2014 U.S. Dist. LEXIS 106984, at *12 n.4 (N.D. Cal. Aug. 4, 2014); *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001); *see also City of Milwaukee v. Saxbe*, 546 F.2d 693, 701 (7th Cir. 1976); *Moses v. Katzenbach*, 342 F.2d 931, 119 U.S. App. D.C. 352 (D.C. Cir. 1965) Indeed, the criminal investigation or prosecution of individuals is a discretionary function that rests with the government and may not be compelled. *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("In our criminal justice system, the Government retains broad discretion as to whom to prosecute.")(citations omitted); *Asanov v. Plekan*, 2024 U.S. Dist. LEXIS 41174, at *4 (E.D.N.C. Jan. 29, 2024). Consequently, the court lacks jurisdiction to order the government to commence a federal criminal case.

Further, Ibale lacks standing to seek the relief set forth in the petition for two reasons. First, "[c]riminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." *Clinton v. Jones*, 520 U.S. 681, 718 (1997) (Breyer, J.,

concurring). Second, the criminal code provisions cited by Ibalde in the petition—18 U.S.C. §§ 1512, 1519, and 242—do not provide civil plaintiffs with a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008) ("Where a federal statute does not explicitly create a private right of action, a plaintiff can maintain suit only if Congress intended to provide the plaintiff with an implied private right of action."); *Crago v. Knacke*, 2020 WL 3073771, at *4 (E.D. Cal. June 10, 2020) (18 U.S.C. § 1519 does not provide a private right of action); *Bender v. GSA*, 539 F. Supp. 2d 702, 715 (S.D.N.Y. 2008) (no private right of action under 18 U.S.C. § 1512); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of 18 U.S.C. §§ 241 and 242 claims "because these are criminal statutes that do not give rise to civil liability"); *see also Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (noting that "to date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action").

Ibalde's request for relief pursuant to 18 U.S.C. §§ 3231, 3142(e) and 3771 likewise do not allow this court to grant the petition. Section 3231 is the law that provides district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "However, this jurisdictional provision does not amount to authorization of a federal private right of action any time a civil plaintiff invokes a federal criminal statute." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (concerning § 3231). Section 3142(e) is the Bail Reform Act, which codifies the standard for either detaining or? releasing defendants charged with federal crimes. And 18 U.S.C. § 3771 is the Crime Victim's Right Act (CVRA). But that statute explicitly states that it did not create a private right of action. *See* 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter [this section] shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter [this section] shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under

4

his direction."). For these reasons, Ibale's petition is denied. Further, because amendment would be futile, Ibale is denied leave to amend.

### B. The motion for emergency relief pursuant to 18 U.S.C. § 3771 as denied.

On May 21, 2026, Ibale filed a sealed emergency motion for relief under 18 U.S.C. § 3771. Mot., ECF No 4. As a threshold matter, I address the fact that Ibale filed this motion under seal without seeking leave of court. Local Rule IA 10-5(a) requires the party seeking to file a document until seal to file a contemporaneous motion to seal seeking permission to do so. *See* LR IA 10-5.[2] Ibale did not file a motion to seal when she filed this document under seal.

There is a strong presumption in favor of access to court records. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). So, a party seeking to seal a court filing bears the burden of overcoming the presumption under one of two standards: the "compelling reasons" standard or the "good cause standard." *Id.* at 1096–97. Under the compelling reason standard, the court may only seal records if it identifies a "compelling reason" and articulates a "factual basis"—not "hypothesis or conjecture"—in its ruling. *Id.* at 1096–97 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Once the moving party meets this burden, the court then balances the "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1179). Under the "good cause" standard, the moving party must make a particularized showing of good cause as to why the records should be sealed. *Id.* Having reviewed the motion, I find that even if Ibale filed a motion to seal, there is no basis to keep it sealed, so I kindly direct the Clerk of Court to unseal the document.

---

[2] The court recognizes that Ibale is appearing pro se. While *pro se* status requires the court to review her filings and pleadings less stringently than her represented counterparts, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this does not excuse a pro se plaintiff from the requirements and rules that a represented party must follow, to include the Federal Rules of Civil Procedure and this court's local rules. Ibalde is advised that a copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

Second, the motion fails to cite any points and authorities to support the request relief. The limited information it does provide lists out an alleged violation and requests relief based on one sentence. This is insufficient. Local Rule 7-2(d) states that "the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d); *see also Alexander v. Chadwick*, 2024 WL 21956, at *1 (D. Nev. Jan. 2, 2024) (collecting cases where motions were denied for failing to comply with LR 7-2(d)).

Third, Ibale filed the emergency motion without following Local Rule 7-4, which requires that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." *See* LR 7-4(a) (cleaned up). Further, "[i]f the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *See id.*

The motion does not demonstrate that irreparable prejudice would result if it was not resolved in the normal course, and Ibale failed to comply with Local Rule 7-4 before filing the motion and designating it as an emergency.[3] The Clerk of Court is kindly directed to strike the emergency designation on this motion. While I could deny the motion for failing to comply with Local Rule 7-4, I nonetheless resolve the motion on the merits. *See* LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.").

The CVRA grants victims of crimes certain enumerated rights and provides a vehicle for asserting those rights in criminal proceedings. *See id.* § 3771(a), (d)(3). It likewise permits a victim to file a petition for writ of mandamus to enforce their rights under the CVRA. Those

---

[3] Ibale is advised that the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1141 (D Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other pressing matters to focus on the pending 'emergency'." *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. LR 7-4(c).

rights include [t]he right to be reasonably heard" in certain proceedings and "[t]he right to be treated with fairness and with respect for the victim's dignity." 18 U.S.C. § 3771(a)(4), (8). But there is no identified federal criminal case pending where Ibale is a victim entitled to the enforcement of rights under the CVRA.[4] The motion also fails to demonstrate that Ibale has some other standing to enforce rights under the CVRA. Consequently, her motion is denied.

**III.     Conclusion**

IT IS HEREBY ORDERED that the petition for writ of mandamus **[ECF No. 1]** and motion for relief **[ECF No. 4]** are DENIED.

The Clerk of Court is kindly directed to strike the emergency designation and to unseal ECF No. 4 and to close this case.

Dated: June 18, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] 18 U.S.C. § 3771(d)(1) allows the "crime victim or the crime victim's lawful representative, and the attorney for the Government to assert the rights described in subsection (a)."